INVESTMENTS BY VOCATIONAL — TECHNICAL SCHOOL DISTRICT A county treasurer serving in the capacity of a treasurer for an area vocational-technical school district is required to invest surplus money in the "surplus account" of the school district in the manner prescribed in 70 O.S. 5-115 [70-5-115] (1971), and 62 O.S. 348.1 [62-348.1] (1965), and these statutory provisions authorize investment of such surplus money outside of the particular county in which the county treasurer also serves as school district treasurer, if such investment is directed by the board of the area vocational-technical school district. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Can a county treasurer who has been designated as the school district treasurer for an area vocational-technical school district legally invest surplus money of the district outside of the county in which the treasurer serves as county treasurer. Under Article X, Section 9B of the Oklahoma Constitution, area vocational-technical school districts are empowered as independent school districts. Title 70 O.S. 5-114 [70-5-114] (1971) allows an independent school district to use the county treasurer as the treasurer for the school district, or to appoint a local treasurer in its discretion. Section 70 O.S. 5-115 [70-5-115] of Title 70 goes on to provide for the powers and duties of the treasurer of a school district. It is clear from these statutory provisions that the treasurer of a school district, whether it be a local treasurer or county treasurer, is acting in such capacity as a treasurer for a different entity or political subdivision than the county. Concerning the investment of surplus money of a school district, 70 O.S. 5-115 [70-5-115] (1971) requires, in part, as follows: "The school board shall, each month, set aside funds to an `operating account' and to a `surplus account.' The treasurer of every school district shall invest the full amount of the `surplus account' in: "1. Direct obligations of the United States Government to the payment of which the full faith and credit of the Government of the United States or of the State of Oklahoma is pledged: "2. Certificates of deposits of banks when such certificates of deposits are secured by acceptable collateral as in the deposit of other public monies; or "3. In savings accounts or savings certificates of savings and loan associations to the extent that such accounts or certificates are fully insured by the Federal Savings and Loan Insurance Corporation. Provided, that the income received from said investments may be placed in the general fund of the governmental subdivision to be used for general governmental operations." (Emphasis added) An identical provision is also contained in 62 O.S. 348.1 [62-348.1] (1975). From a plain reading of both of these statutory provisions, it is clear that a county treasurer serving as a school district treasurer is required to invest surplus monies, that is, money in the "surplus account" of the school district in the manner prescribed therein. Further, this statute does not restrict such investments to the territorial limits of the county in which the school district treasurer also serves as the county treasurer and therefore, such money can be invested outside of the county in which the school district treasurer also serves as county treasurer. It should be pointed out that under the Oklahoma Statutes, school district funds are handled differently from general county money or the general fund of the county. Under 19 O.S. 121 [19-121] (1971) the county treasurer of each county acting in his capacity as county treasurer is required to deposit all funds and monies received by him in one or more banks located in the county and designated by the board of county commissioners as county depositories. Further, Section 681 of Title 19 requires that all county officers, boards, commissions and employees, who by virtue of, or under color of, office receive any money or funds, to deposit the same with the county treasurer. In reading Section 121 of Title 19, which was enacted at page 94 O.S.L. 1959 together with the provisions of Section 5-115 of Title 70, enacted as part of the School Code in 1971, Chapter 281 O.S.L. 1971, and the provisions of 62 O.S. 348.1 [62-348.1] (1975), Chapter 120 O.S.L. 1974, it is clear that the requirement contained in Section 121 of Title 19 only applies to funds and money received by the county treasurer from the various county officers, boards, commissions and employees listed in Section 681 of Title 19, that is, money belonging to the county, and does not apply to any money or funds properly belonging to a school district, which is a separate political subdivision or entity from a county. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A county treasurer serving in the capacity of a treasurer for an area vocational-technical school district is required to invest surplus money in the "surplus account" of the school district in the manner prescribed in 70 O.S. 5-115 [70-5-115] (1971), and 62 O.S. 348.1 [62-348.1] (1975), and these statutory provisions authorize investment of such surplus money outside of the particular county in which the county treasurer also serves as school district treasurer, if such investment is directed by the board of the area vocational-technical school district. (Gerald E. Weis)